# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

BOBBY LEE BELL                                                                      PETITIONER

v.                                                                            No. 4:08CV131-P-S

LAWRENCE KELLY, ET AL.                                                            RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Bobby Lee Bell for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition as untimely filed. Bell has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss shall be granted and the instant petition dismissed as untimely filed under 28 U.S.C. § 2254.

## Fact and Procedural Posture

The petitioner, Bobby Lee Bell, is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. He was convicted of one count of aggravated assault and one count of simple assault in Sunflower County, Mississippi. On July 9, 2004, he was sentenced as a habitual offender to serve terms in the custody of the Mississippi Department of Corrections of twenty years for aggravated assault and six months for simple assault. State Court Record (SCR), Vol. 1, p. 80. The trial court ordered the sentences to run concurrently. *Id.* On July 9, 2004, Bell filed a motion for judgment *non obstante veredicto*, or in the alternative a new trial, which was overruled on the same day. SCR, Vol. 1, p. 83-84. Also on July 9, 2004, Bell filed his Notice of Appeal. SCR, Vol. 1, p. 86. On April 19, 2005, the Mississippi Supreme Court dismissed Bell's appeal for failure to file the appellant's brief. On May 31, 2005, Bell made a *pro se* motion to

reinstate his appeal, which was granted on June 8, 2005. On October 4, 2005, the Mississippi Supreme Court again dismissed the petitioner's appeal for failure to file an appellant's brief. Bell then filed a *federal* petition for a writ of *habeas corpus* on October 12, 2006. On January 25, 2007, Bell again filed a motion to reinstate his appeal with the Mississippi Supreme Court. On February 2, 2007, the Mississippi Court of Appeals held that the motion was not well taken due to Bell's failure to timely seek the assistance of the court and should be denied. (Cause No. 2004-KA-01429-COA). On April 30, 2007, this court dismissed Bell's first petition for a writ of *habeas corpus* for failure to exhaust state remedies. *Bell v. Kelly, et al.*, 4:06CV173-P-B (memorandum opinion and final judgment of April 30, 2007). Bell appealed the Court of Appeals decision not to reinstate his direct appeal, and on September 3, 2008, the Mississippi Supreme Court also denied his motion to reinstate the appeal. (Cause No. 2008-M-00322). Bell filed the instant petition for a writ of *habeas corpus* in this court on October 6, 2008.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims

> presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

The petitioner Bobby Lee Bell's conviction became final on October 4, 2005 (the second time the Mississippi Supreme Court dismissed Bell's appeal). As such, his *habeas corpus* petition was due in this court by October 4, 2006. Bell did not file a proper application for post-conviction relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before October 4, 2006, to toll the limitations period. As such, his petition for a writ of *habeas corpus* was filed too late. *Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). Bell did not file a motion for post-conviction relief within the one-year time limitation period prescribed by the AEDPA; therefore, the limitations period was not tolled under 28 U.S.C. § 2244(d)(1)(A).

Bell argues that he should enjoy equitable tolling because not one attorney, but two, failed to file appellate briefs on his behalf in state court. The Fifth Circuit applies equitable tolling only "where the [petitioner] is actively misled by the [state] about the cause of action or is prevented in some extraordinary way from asserting his rights," *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). However, those seeking relief under 28 U.S.C. § 2254 must be diligent in their pursuit of their claims in state and federal court. *Melancon v. Kaylo*, 259 F.3d 401 (5th Cir. 2001). The petitioner in *Melancon* argued that an error by the state court caused him to miss his federal *habeas corpus* deadline. *Id.* at 407-408. The Fifth Circuit held that Melancon's delay of four months during the time he could have been pursuing his federal petition for a writ of *habeas corpus* showed that he was not diligent in pursuing his remedies –

and that Melancon thus could not invoke equitable tolling to render his petition timely. *Id.* In this case, Bell's second appointed attorney did not prosecute the appeal of Bell's conviction, and Bell waited about *fifteen* months to petition the Mississippi Supreme Court for relief after his appeal was dismissed the second time for failure to file an appellant's brief. Bell, on the advice of an inmate writ-writer, decided instead to pursue federal *habeas corpus* relief in this court. *Bell v. Kelly, et al.*, 4:06CV173-P-B. That petition was dismissed for failure to exhaust state remedies. *Id.* After the dismissal of federal *habeas corpus* relief, Bell returned to state court and tried to reinstate his appeal, but the Mississippi Supreme Court held that Bell's fifteen-month delay in seeking relief from that court was too long. The court is sympathetic to Bell's predicament; *two* attorneys appointed by the state failed to prosecute his direct appeal. It appears that Bell relied upon the advice of an inmate writ-writer because he could get none from his counsel. Nonetheless, Bell waited for over a year – from October 4, 2005 (the date his second appeal was dismissed in state court) to October 12, 2006 (the date this court receive his first petition for a writ of *habeas corpus*) – to take further action in pursuit of relief from his conviction. Such a long delay precludes the use of equitable tolling to render the instant petition timely.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). Bell did not date the instant petition; as such, the court has calculated the signature date by allowing the standard three days for U.S. mail delivery. In this case, the federal petition was filed sometime between October 3, 2008, and the date it was received and stamped as "filed" in the district court on October 6, 2008. Giving

the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 730 days after the October 4, 2006, filing deadline.

The instant petition for a writ of *habeas corpus* shall thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 20th day of August, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE